**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary McNamara, Individually, and on Behalf of All Other Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Infusion Software, Inc., et al.,<br><br>Defendants. | No. CV-17-04026-PHX-SPL<br><br>**ORDER** |

  Before the Court is the parties' Renewed Joint Motion to Approve Settlement Agreement (the "Motion"). (Doc. 252) Defendants had agreed to the first such motion, reserving the rights to object to the upcoming motion and application for attorneys' fees which Plaintiff indicated she will file following approval of the Settlement Agreement, and the Court assumes that Defendants still reserve the right to object. (Doc. 248) The parties set forth the terms and conditions of their settlement in their Revised Class Action Settlement Agreement (the "Settlement Agreement"), which is attached to the Motion. (Doc. 252, Ex. B) The Court incorporates into this Order the definitions in the Settlement Agreement, including the capitalized terms as used in the Settlement Agreement.

  The Court will not restate the applicable law in its entirety here because it already did so in its order denying approval of the first version of the Settlement Agreement. (Doc. 250) The key piece of the standard is that when parties seek approval of a FLSA settlement, a district court may approve the settlement if it reflects a "reasonable compromise over the issues." *Lopez v. Arizona Public Service Co.*, 2010 WL 1403873, at *1 (D. Ariz. Jan. 27,

2010) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). The Court finds that the parties properly addressed its concerns regarding the first version of the Settlement Agreement and accordingly, will approve the newest version of the Settlement Agreement.[1]

The Court requested from the parties that they: (1) explain and provide information on how they calculated the proposed settlement amounts for each plaintiff who submitted hours; (2) rework the language related to a general release or explain what it meant to ensure the Court would understand the scope of such release; and (3) rework the language of the reversionary clause or explain why it was present. (Doc. 250 at 4–6)

Regarding the last two items, the Court notes that the parties removed the general release provision and reworked the reversionary clause to provide that "[a]ny amount remaining in the Settlement Fund six months after the distribution of payments to Plaintiff and the Collective shall be donated to United Way of Mesa. (Doc. 252, Ex. B at 16) Accordingly, those two parts of the Settlement Agreement are no longer an obstacle to the Court's approval.

Regarding the first item, the parties provided the Court with detailed information as to each employee who submitted hours. Indeed, the parties clarified what Plaintiff meant when stating that "the settlement accounts for the risk that such recovery may not occur at all after trial and/or any appeal." (Doc. 247 at 7) The parties explained that such statement was made because: (1) Infusion has expressed that it is struggling financially, and (2) that if Plaintiffs obtained a favorable ruling on the application of the "fluctuating work week", Defendant would appeal that ruling all the way to the Supreme Court of the United States if needed. (Doc. 252) This is a reasonable explanation.

---

[1] In its March 24, 2020 order, the Court found that there was a bona fide dispute of issues regarding overtime compensation under the FLSA and that such dispute would be resolved by the proposed Settlement Agreement. (Doc. 250 at 3) The Court, however, was not convinced that the Settlement Agreement was fair and reasonable as required under *Lynn's* and requested that the parties address its concerns and provide more information.

2

Furthermore, and more importantly, the parties provided data for each plaintiff who submitted hours as part of the case in a clear and concise table. (Doc. 247, Ex. A) The Court requested information regarding the amount of overtime hours claimed by each employee, the overtime calculations made on behalf of each employee, how much each employee's damages were contained within the two-year and three-year statute of limitations periods, and the exemptions asserted by Defendants on each employee. (Doc. 250 at 4) The parties provided that information and more. The Court finds that the settlement amount provided for each Plaintiff listed in the table is fair and reasonable because it appears to take into account the amount of damages involved in each of the two statutes of limitations periods, the relative strength and weaknesses of each case, and whether the Plaintiff claimed full hours or partial hours for the relevant time periods. Accordingly, the Court finds that the settlement amounts for each Plaintiff and the overall settlement amount of $1,525,000.00 are fair and reasonable.

**IT IS ORDERED** that Parties' Renewed Joint Motion to Approve Settlement Agreement (Doc. 252) is **granted in full**.

**IT IS FURTHER ORDERED** that:

1. The Court finds that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of Plaintiff and the Collective, especially in light of: "the strength of the Plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; . . . the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; and the reaction of the [Plaintiff and Collective] to the proposed settlement." *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, 895 F.3d 597, 611 n.18 (9th Cir. 2018) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

3

2. The Settlement Agreement, which is attached in full as Exhibit B to Docket Number 252, shall be deemed incorporated herein, is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. All terms of the Settlement Agreement are approved by this Order. The fact that this Order specifically identifies or summarily recapitulates some, but not other, provisions of the Settlement Agreement does not modify any provision of the Settlement Agreement, nor does it elevate or demote any provision vis á vis any other provision, nor does it create an inference in that regard.

3. The Parties are directed to consummate the Settlement Agreement in accordance with its terms.

4. By operation of this Order, Plaintiff and the Collective release and forever discharge the Released Entities from the claims identified in Section 3.1 of the Settlement Agreement.

5. This Order is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

6. The Court makes the following awards pursuant to the Settlement Agreement:
    a. $1,525,000.00 as total payment to Plaintiff and the Collective to be paid as set forth in Exhibit A to the Settlement Agreement.
    b. Plaintiff's reasonable attorneys' fees and costs as determined by the Court once Plaintiff and Defendants will have filed briefing on the issue.

7. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

8. Without affecting the finality of this Order, the Court hereby retains continuing and exclusive jurisdiction over the parties and all matters relating to this action and/or the Settlement Agreement, including the administration, interpretation,

construction, effectuation, enforcement, and consummation of the Settlement Agreement and this Order.

9. Plaintiff's Complaint (Doc. 1) is hereby dismissed with prejudice without costs to any party, except as provided in the Settlement Agreement, and the Clerk of Court shall terminate this action.

Dated this 28th day of April, 2020.

Honorable Steven P. Logan
United States District Judge